UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO.: 6:15-CV-959-ORL-37 KRS

CLASS/COLLECTIVE ACTION

KENNETH A. DYER, JR., HENRY L.
KEMP, JR., MARQUIS D. GROOMS,
and KIRK SANDY, individually
and on behalf of all those similarly
situated,

                Plaintiffs,
vs.

M & M ASPHALT MAINTENANCE INC.
d/b/a All County Paving,

                Defendant.
_____/

**PLAINTIFFS' COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiffs, KENNETH A. DYER, JR., HENRY L. KEMP, JR., MARQUIS D. GROOMS and KIRK SANDY, individually and on behalf of all other similarly situated employees (hereinafter referred to as "Plaintiffs"), by and through their undersigned counsel, hereby file their Collective Action Complaint and Demand for Jury Trial against M & M ASPHALT MAINTENANCE INC. d/b/a All County Paving (referred collectively at times as "Defendant"), and state as follows:

**I.    INTRODUCTION**

1.    This is a collective action under the Federal Fair Labor Standards Act, for failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. Section 201, *et. seq.* (hereinafter "FLSA").

1

2. The named Plaintiffs, KENNETH A. DYER, JR., HENRY L. KEMP, JR., and MARQUIS D. GROOMS, bring this action on behalf of themselves as well as other similarly situated employees who were employed by Defendant as laborers and were paid an hourly rate. (hereinafter referred to as "Laborer[s].").

3. The named Plaintiff, KIRK SANDY, brings this action on behalf of himself as well as other similarly situated employees who were employed by Defendant as drivers and were paid an hourly rate. (hereinafter referred to as "Driver[s].").

4. The Plaintiffs, KENNETH A. DYER, JR., HENRY L. KEMP, JR., and MARQUIS D. GROOMS, will seek conditional certification and notice to an opt-in class of "Laborers" who are or were employed by Defendant during the three years preceding the filing of the Complaint; were paid an hourly rate; and were not properly paid overtime wages in violation of the Fair Labor Standards Act pursuant to the FLSA.

5. The Plaintiff, KIRK SANDY, will seek conditional certification and notice to an opt-in class of "Drivers" who are or were employed by Defendant during the three years preceding the filing of the Complaint; were paid an hourly rate; and were not properly paid overtime wages in violation of the Fair Labor Standards Act pursuant to the FLSA.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. Section 1331 and 29 U.S.C. Section 201.

7. Venue is proper in this Court under 28 U.S.C. Section 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Orange County, Florida in the Orlando Division of the Middle District of Florida.

### III. THE PARTIES

8. Plaintiff, KENNETH A. DYER, JR., began his employment with Defendant as a Laborer approximately April 2014 and is currently employment by the Defendant.

9. As a Laborer, MR. DYER's job duties included but are not limited to, laying and repairing asphalt.

10. As a Laborer, MR. DYER was and is paid an hourly rate.

11. MR. DYER was an employee of the Defendant within the meaning of the law and the FLSA.

12. Plaintiff, HENRY L. KEMP, JR., was employed by Defendant as a Laborer from approximately May 2013 to January 7, 2015.

13. As a Laborer, MR. KEMP'S job duties included but were not limited to, laying and repairing asphalt.

14. As a Laborer, MR. KEMP was paid an hourly rate.

15. MR. KEMP was an employee of the Defendant within the meaning of the law and the FLSA.

16. Plaintiff, MARQUIS D. GROOMS, was employed by Defendant as a Laborer from approximately July 2014 to May 2015.

17. As a Laborer, MR. GROOMS' job duties included but were not limited to, laying and repairing asphalt.

18. As a Laborer, MR. GROOMS was paid an hourly rate.

19. MR. GROOMS was an employee of the Defendant within the meaning of

the law and the FLSA.

20. Plaintiff, KIRK SANDY, was employed by Defendant as a Driver from approximately September 2014 to May 2015.

21. As a Driver, MR. SANDY'S job duties included but were not limited to, transporting employees and equipment; cleaning equipment; picking up and delivering asphalt.

22. As a Driver, MR. SANDY was paid an hourly rate.

23. MR. SANDY was an employee of the Defendant within the meaning of the law and the FLSA.

24. At all times relevant to the their employment, Plaintiffs, KENNETH A. DYER, JR., HENRY L. KEMP, JR., MARQUIS D. GROOMS and KIRK SANDY regularly used the instrumentalities of interstate commerce while performing their work. At all times relevant to their employment, Plaintiffs, KENNETH A. DYER, JR., HENRY L. KEMP, JR., MARQUIS D. GROOMS and KIRK SANDY also regularly used the channels of commerce while performing their work.

25. The Defendant, M & M ASPHALT MAINTENANCE INC. d/b/a All County Paving, maintains and operates an asphalt paving, repair and sealcoating business in Orlando, Florida. Defendant, M & M ASPHALT MAINTENANCE INC. d/b/a All County Paving is an "employer" as defined by 29 U.S.C. Section 203(d). The Defendant, M & M ASPHALT MAINTENANCE INC. d/b/a All County Paving, has employees subject to the provisions of the FLSA, 29 U.S.C. Section 206, in the facility where the named Plaintiffs were employed.

26. Defendant, M & M ASPHALT MAINTENANCE INC. d/b/a All County Paving, has employed two or more persons, including Plaintiffs, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. Section 203(s)(1)(A)(i).

27. The named Plaintiffs aver that at all times relevant to the violations of the Fair Labor Standards Act Defendant, M & M ASPHALT MAINTENANCE INC. d/b/a All County Paving, was an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. 203(s)(1)(A)(ii).

28. Plaintiffs have retained LaBar & Adams, P.A. to represent them in this matter and have agreed to pay said firm a reasonable attorney's fee for its services.

### IV. FACTUAL ALLEGATIONS

29. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 28, above.

30. The Defendant, M & M ASPHALT MAINTENANCE INC. d/b/a All County Paving, are an asphalt repair and paving company.

31. The Defendant, M & M ASPHALT MAINTENANCE INC. d/b/a All County Paving, is in the business of asphalt paving, asphalt repair, asphalt resurfacing, sealcoating, and asphalt maintenance. At all times relevant to the violation of the FLSA, Defendant were an enterprise engaged in commerce or in the production of goods for commerce.

32. The Plaintiffs were hired by Defendant to work on its crews laying asphalt, doing repairs and sealcoating.

33. Throughout their employment, the named Plaintiffs, as well as others similarly situated, had numerous workweeks where their hours exceeded forty.

34. The Plaintiffs, KENNETH A. DYER, JR., HENRY L. KEMP, JR. and MARQUIS D. GROOMS, were hired and employed by Defendant as Laborers and were compensated on an hourly basis. Laborers held titled positions, including but not limited to, hose man, shovel man, tack man, seal coater and patcher.

35. Defendant had a written policy that applied to all its Laborers that provided:

> We will only pay drive hours to the job and hours worked during the job. Once you are complete and loaded you must call Supervisor or Office to put your hours down. If unavailable mark on paperwork as last resort. No exceptions any violations to this policy or lollygagging will result in disciplinary action and or termination

36. From the beginning of their employment until the cessation of their employment or until approximately January 24, 2015, Plaintiffs, KENNETH A. DYER, JR., HENRY L. KEMP, JR. and MARQUIS D. GROOMS', "drive hours" from the work site location to the Defendant place of employment were deducted from their total hours worked.

37. Beginning approximately January 25, 2015, the Plaintiffs, KENNETH A. DYER, JR. and MARQUIS D. GROOMS, are/were required to clock out at the job site prior to their return to the Defendant place of employment.

38. The deduction of the "drive hours" from the Laborers compensation resulted in a violation of the FLSA when the Laborers worked in excess of forty (40) hours in that workweek.

39. The Plaintiff, KIRK SANDY, was hired and employed by Defendant as a Driver and was compensated on an hourly basis.

40. As a Driver, Plaintiff, KIRK SANDY, was to be paid for drive hours to the job, hours worked during the job and drive hours back from the job.

41. Upon their return to the Defendant place of employment Laborers and Drivers were required to perform additional duties, including but not limited to, unloading equipment, unloading tools, filling tanks and cleaning trucks.

42. Defendant had a policy of automatically deducting a one hour lunch break from all Laborers and Drivers each work day.

43. Defendant automatically deducted a one hour lunch break each work day from all Laborers and Drivers even when a lunch break was not taken or had been interrupted.

44. The automatic deduction of a one hour lunch break even though the Laborers and Drivers did not take a lunch break or their lunch breaks were interrupted resulted in a violation of the FLSA when the Laborers and Drivers worked in excess of forty (40) hours in that workweek.

45. In addition to the Laborers and Drivers hourly rates of pay, when work was performed "out of town" the Defendant compensated the Laborers and Drivers an additional "per diem" rate. This "per diem" rate was not included in the Laborers and Drivers' rate of pay for the purpose of overtime pay.

46. Defendant utilized several different time recording systems to keep track of the amount of hours Laborers and Drivers and similarly situated employees worked.

47. One recording system was a punch clock that was located at the Defendant's place of employment and was utilized until approximately January 24, 2015.

48. Time was recorded by the supervisor and submitted to Defendant when Laborers and Drivers worked "out of town" and/or were unable to utilize the time clock located at the Defendant' place of employment.

49. From approximately January 25, 2015, to the present, the Defendant began utilizing an application on an I-Pad or cellular phone where employees are/were to clock in and out each work day.

50. Defendant had knowledge that the named Plaintiffs, as well as other similarly situated Laborers and Drivers, were working overtime without proper compensation.

51. The Defendant failed to make a good faith effort to determine if the named Plaintiffs and similarly situated Laborers and Drivers were being compensated appropriately pursuant to the FLSA.

52. Defendant have also failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

53. Defendant also failed to post the required notice pursuant to the Fair Labor Standards Act.

## V. COLLECTIVE ACTION ALLEGATIONS AS TO LABORERS

54. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 38 and 41 through 53, above.

55. The named Plaintiffs, KENNETH A. DYER, JR., HENRY L. KEMP, JR. and MARQUIS D. GROOMS, bring this action on behalf of themselves and on behalf of similarly situated Laborers. Specifically, they bring their claims under the Fair Labor

8

Standards Act as a collective action, and will request the Court to grant conditional certification under 29 U.S.C. Section 216(b), and to order notices to potential opt-in individuals who were employed by Defendant within the previous three (3) years as Laborers at M & M ASPHALT MAINTENANCE INC. d/b/a All County Paving.

56. The named Plaintiffs, KENNETH A. DYER, JR., HENRY L. KEMP, JR. and MARQUIS D. GROOMS, and the similarly situated Laborers had the similar job duties, were paid the same and subjected to the same illegal policies and practices.

57. Defendant hired numerous Laborers similarly situated to the named Plaintiffs, KENNETH A. DYER, JR., HENRY L. KEMP, JR. and MARQUIS D. GROOMS, who performed the same work, were paid the same, and were subjected to the same illegal pay policies and practices as the named Plaintiffs.

58. Defendant' unlawful compensation practices are in willful disregard of the rights of the named Plaintiffs, KENNETH A. DYER, JR., HENRY L. KEMP, JR. and MARQUIS D. GROOMS, and other similarly situated Laborers.

### VI. COLLECTIVE ACTION ALLEGATIONS AS TO DRIVERS

59. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 33 and 39 through 53, above.

60. The named Plaintiff, KIRK SANDY, brings this action on behalf of himself and on behalf of similarly situated Drivers. Specifically, he brings his claim under the Fair Labor Standards Act as a collective action, and will request the Court to grant conditional certification under 29 U.S.C. Section 216(b), and to order notices to potential opt-in individuals who were employed by Defendant within the previous three (3) years as Drivers at M & M ASPHALT MAINTENANCE INC. d/b/a All County Paving.

61. The named Plaintiff, KIRK SANDY, and the similarly situated Laborers had the similar job duties, were paid the same and subjected to the same illegal policies and practices.

62. Defendant hired numerous Drivers similarly situated to the named Plaintiff, KIRK SANDY, who were paid the same and were subjected to the same illegal pay policies and practices as the named Plaintiff.

63. Defendant' unlawful compensation practices are in willful disregard of the rights of the named Plaintiff, KIRK SANDY, and other similarly situated Drivers.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

64. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 63, above.

65. Throughout the employment of the named Plaintiffs and all other similarly situated Laborers and Drivers, the Defendant, M & M ASPHALT MAINTENANCE INC. d/b/a All County Paving, repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate the named Plaintiffs and all other similarly situated Laborers and Drivers, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

66. Specifically, Plaintiffs and all other similarly-situated Laborers and Drivers, worked numerous weeks in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

67. Defendant failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

68. Defendant failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Plaintiffs demands judgment against Defendant for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues contained herein this Complaint.

Dated: 6/11/15

Respectfully submitted,

SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)