# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

KENNETH A. DYER, JR.; HENRY L. KEMP, JR.; MARQUIS D. GROOMS; and KIRK SANDY,

      Plaintiffs,

v.                                  Case No. 6:15-cv-959-Orl-37KRS

M&M ASPHALT MAINTENANCE, INC.,

      Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant's Motion to Dismiss Plaintiff's [sic] Complaint (D.E. 1) and/or for a More Definite Statement (Doc. 13), filed July 22, 2015;

2. Defendant's Notice of Authority in Support of Motion to Dismiss Plaintiff's [sic] Complaint (D.E. 1) and/or for a More Definite Statement (Doc. 14), filed July 23, 2015; and

3. Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss and/or for More Definite Statement with Incorporated Memorandum of Law (Doc. 15), filed July 28, 2015.

Upon consideration, the Court finds that the motion is due to be denied.

## BACKGROUND

Plaintiffs bring this Fair Labor Standards Act ("FLSA") collective action against Defendant, "an asphalt paving, repair and sealcoating company," on behalf of its "Laborers" and "Drivers." (Doc. 1, ¶¶ 2–3, 25.) Defendant moves to dismiss the Complaint

for failure to state a claim. (Doc. 13, p. 1 (citing Fed. R. Civ. P. 12(b)(6)).) Alternatively, Defendant moves for a more definite statement. (*Id.* (citing Fed. R. Civ. P. 12(e)).) Plaintiffs oppose. (Doc. 15.) The matter is ripe for adjudication.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to plead "a short and plain statement of the claim showing that the pleader is entitled to relief"; it does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, while "a formulaic recitation of the elements of a cause of action will not do," a complaint satisfies Rule 8(a)(2) if it "give[s] the defendant fair notice of what [the plaintiff's] claim is and the grounds upon which it rests." *Id.*

When a complaint is challenged under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations and disregards unsupported conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.

## DISCUSSION

Defendant argues that Plaintiffs have failed to state a claim for two reasons, neither of which are persuasive.

First, Defendant argues, based on a single stray citation to the FLSA's minimum-wage provision,[1] that it is impossible to determine from the Complaint whether Plaintiffs are bringing an unpaid-overtime claim or a minimum-wage claim. (*See* Doc. 13, ¶¶ 2–4

---

[1] Plaintiffs appear to have inadvertently cited 29 U.S.C. § 206, the FLSA's minimum-wage provision, instead of 29 U.S.C. § 207, the unpaid-overtime provision. (*See* Doc. 1, ¶ 25.)

(citing Doc. 1, ¶ 25).) The Court wholeheartedly disagrees. From the very first paragraph of the Complaint, and consistently thereafter, Plaintiffs specify that this "is a collective action under the Fair Labor Standards Act for *failure to pay overtime wages*." (Doc. 1, ¶ 1 (emphasis added); *see also id.* ¶¶ 4–5, 38, 44–45, 50, 65–66 (reiterating that this is a one-count unpaid-overtime action).) Further, the major premise of the Complaint is that Defendant unlawfully deducted "drive hours" and working-lunch hours to avoid the FLSA's overtime-payment requirement. (*See id.* ¶¶ 34–44.) Even further, the term "minimum wage" never appears in the Complaint. (*See id.* ¶¶ 1–68). Accordingly, Defendant's first argument is not persuasive.

Second, "Defendant seeks dismissal of this action for failure to specify during which workweeks the overtime hours were worked, the number of hours worked each workweek, and the amount of damages sought by Plaintiffs during each workweek." (Doc. 13.) In short, Rule 8(a)(2) simply does not require such detailed allegations. Plaintiffs' Complaint specifies the type of claim that they assert, its statutory and factual bases, and the relevant timeframe (the preceding three years). (*See* Doc. 1, ¶¶ 54–66.) Those allegations more than suffice to give Defendant "fair notice of what [Plaintiffs'] claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see also Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) ("[T]he requirements to state a claim of a[n] FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act."). The Court's FLSA interrogatories and the discovery process will yield further factual development.

As for Defendant's alternative motion, the Court declines to order a more definite statement, as the Complaint is not "so vague or ambiguous that [Defendant] cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's [sic] Complaint (D.E. 1) and/or for a More Definite Statement (Doc. 13) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 14, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record