UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH A. DYER, JR.; HENRY
L. KEMP, JR.; MARQUIS D. GROOMS;
KIRK SANDY; and THE ESTATE OF
MARQUIS GROOMS,

       Plaintiffs,

v.                                Case No. 6:15-cv-959-Orl-37KRS

M &M ASPHALT MAINTENANCE
INC.; ALL COUNTY PAVING, INC.;
JEFFREY COHEN; KENNETH
GOLDBERG; and DAVID GOLDBERG,

       Defendants.
_____

## ORDER

Plaintiffs initiated this action almost two years ago, asserting violations of the Fair

Labor Standards Act ("**FLSA**"). (Docs. 1, 32.) Specifically, Plaintiffs alleged that

Defendants failed to compensate them for hours worked in excess of forty hours a week

by improperly deducting hours for: (1) their travel time to Defendants' place of business

from work job sites; and (2) skipped or interrupted lunch breaks. (Doc. 32.) The parties

settled the action shortly after the Court conditionally certified a class of similarly

situated employees ("**Certified Class**"). (Docs. 165, 213.) Thereafter, the parties moved

for judicial approval of their settlement agreement. (Doc. 215 ("**Motion for Approval**");

*see also* Doc. 215-1 ("**Agreement**").)

Since that time, the parties have submitted additional documentation in response

to the magistrate's concerns as to whether they had adequately notified and received consent from non-named members of the Certified Class ("**Opt-In Plaintiffs**"). (*See* Docs. 216, 217, 218, 219.) Such documentation includes sworn declarations from counsel for both parties and the named Plaintiffs. (*See* Docs. 219-1 to 219-5.)

Upon consideration of the supplemental briefing and evidence, U.S. Magistrate Judge Karla R. Spaulding issued the operative Report and Recommendation, in which she proposes a number of alternative rulings to the Motion for Approval. (Doc. 223 ("**R&R**").) First, Magistrate Judge Spaulding recommends that the Court: (1) modify the definition of Defendants and the scope of the release in the Agreement; (2) find that the settlement, as modified, is a fair and reasonable resolution of a bona fide dispute under the FLSA; (3) grant the Motion for Approval in part, without reserving jurisdiction to enforce the settlement; (4) dismiss the case with prejudice; and (5) direct the Clerk of Court to close the file. (*Id.* at 14 ("**First Recommendation**").) Second, in the event that the Undersigned finds that the Opt-In Plaintiffs did not receive adequate notice of the Agreement and an opportunity to object, Magistrate Judge Spaulding recommends that the Court require Court-supervised notice to the Opt-In Plaintiffs. (*Id.* ("**Second Recommendation**").) Finally, Magistrate Judge Spaulding recommends that the Court deny the Motion for Approval without prejudice if it finds that any of the terms of the Agreement undermine the fairness of the settlement. (*Id.* ("**Third Recommendation**").) In doing so, the R&R specifically addresses the following issues: (1) the compromise of Plaintiffs' claims; (2) the released parties; (3) the scope of the released claims; (4) whether the Opt-In Plaintiffs received proper notice of the Agreement and consented thereto;

(5) the payment of attorney fees and costs under the Agreement; and (6) service payments provided to certain individuals. (Doc. 223.)

On May 23, 2017, the parties filed a joint notice indicating that they did not object to the First Recommendation. (Doc. 224 ("**Response**").) Hence, in the absence of objections to the First Recommendation, the Court has reviewed this portion of the R&R for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

As an initial matter, the Court agrees with Magistrate Judge Spaulding's finding that the reasons for the compromise of Plaintiffs' claims are adequate—namely, discovery revealing: (1) support for Defendants' defense to liquidated damages; (2) that Plaintiffs did not work more than forty hours in some work weeks; (3) that Plaintiffs were paid for their meal times; and (4) that Plaintiffs may have overestimated their travel time from job sites. (Doc. 223, p. 6.)

The Court also agrees that—consistent with the operative Complaint—the definition of "Defendants" in the Agreement should be revised to include only:

> M&M Asphalt Maintenance, Inc. and any other person or entity acting with or on behalf of M&M as [a joint] employer in relation to Plaintiffs;
>
> All County Paving, Inc. and any other person or entity acting with or on behalf of All County Paving, Inc. as [a joint] employer in retaliation to Plaintiffs;
>
> Jeffrey Cohen; and

Kenneth Goldberg."[1]
(*Id.* at 7.)

Third, the Court adopts the magistrate's recommendation to sever the portion of the Agreement releasing Florida Minimum Wage Act claims, as the Complaint only asserts FLSA claims against Defendants. *See Colon v. Garda CL SE, Inc.*, Case No. 6:14-cv-1777-Orl-37KRS, at Doc. 29, p. 3, n.1 (severing the portion of a settlement agreement releasing wage and overtime claims not recoverable under the FLSA because "it confer[ed] an undeserved benefit upon [the] [d]efendant without furthering the resolution of any bona fide FLSA dispute").

The Court also accepts Plaintiffs' counsel Scott C. Adams's sworn statements that: (1) he advised the Opt-In Plaintiffs of the essential terms of the Agreement verbally or by written notice; and (2) received no objection to the Agreement. (Doc. 219-2, ¶¶ 18–21.) Such statements are bolstered by the parties' Response to the R&R, which sets forth the pertinent portions of the correspondence sent to the Opt-In Plaintiffs, including a specified timeframe for receipt of objections. (Doc. 224.) While some courts routinely conduct fairness hearings before determining whether to approve settlements in collective FLSA actions, at least one court in this Circuit has found that proof of notice to opt-in plaintiffs without a fairness hearing is sufficient where the opt-in plaintiffs have been provided an opportunity to object. *See Goldsby v. Renosol Seating, LLC*, No. 2:08-0148-KD-N, 2013 WL 6535253, at *9–10 (N.D. Ala. Dec. 13, 2013); *see also Moore*

---

[1] The parties previously stipulated to the dismissal of Defendant David Goldberg from this action with prejudice. (Doc. 211.)

*v. Akerman Inv. Co.*, No. C-07-3058-MWB, 2009 WL 2848858, at *1–2, *3 (N.D. Iowa Sept. 1, 2009) (approving an FLSA settlement agreement where the plaintiffs' counsel notified each plaintiff of the proposed settlement by letter and received only a single objection). Therefore, based on counsel's representations, the Court finds that Plaintiffs' correspondence in the instant action was sufficient to give each Opt-In Plaintiff notice of the Agreement and an adequate opportunity to object.

Finally, the declarations submitted by the parties: (1) represent that the parties negotiated the amount of attorney fees and costs awarded under the Agreement separately from the amount offered to settle the wage claims and liquidated damages of the Certified Class (Doc. 219-1, ¶¶ 11, 12; Doc. 219-2, ¶ 25); and (2) describe the various ways that the parties receiving service payments under the Agreement actively participated in and aided the progression of this lawsuit (Doc. 219-2, ¶¶ 31–41; Doc. 219-3; Doc. 219-4; Doc. 219-5). Within this District,

> if the parties submit a proposed FLSA settlement that . . . represents that the plaintiff's attorneys' fee was agreed upon separately without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Additionally, courts have approved service payments for individuals who have performed substantial services for the benefit of a settlement class. *See, e.g., Signorelli v. Utiliquest, LLC*, Nos. 5:08-cv-38-Oc-10GRJM, 5:08-cv-39-Oc-10GRJ, 5:08-cv-40-Oc-10GRJ, 2008 WL 78257

57, at *2 (M.D. Fla. July 25, 2008); *see also Hosier v. Mattress Firm, Inc.*, No. 3:10-cv-294-J-32JRK, 2012 WL 2813960, at *5 (M.D. Fla. June 8, 2012). As such, the Court finds that neither the attorney fees and costs nor the service payments provided under the Agreement undermine the fairness of the settlement.

In view of the foregoing, the Court finds no clear error in the First Recommendation set forth in the R&R. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The First Recommendation set forth in U.S. Magistrate Judge Karla R. Spaulding's Amended Report and Recommendation (Doc. 223) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2.  The parties' Joint Motion for Approval of FLSA Settlement and Incorporated Memorandum of Law (Doc. 215) is **GRANTED** to the extent set forth in this Order.

3.  The Court finds that the Agreement, as modified, is a fair and reasonable resolution of a bona fide dispute under the FLSA. Therefore, this modified version of the parties' Settlement Agreement (Doc. 215-1) is **APPROVED**.

4.  This action is **DISMISSED WITH PREJUDICE**.

5.  The Court **DECLINES** to retain jurisdiction to enforce the terms of the parties' Agreement. In the event of breach, the non-breaching party may file a separate action for breach of contract.

6.  The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 26, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record